HAY ET AL. *v.* LANDIS.

[No. 2,042.   Filed Oct. 21, 1896.   Rehearing denied Feb. 19, 1897.]

COMPLANT.—*Sufficiency of in an Action to Set Aside Sale of `Letters Patent on the Ground of Fraud.*—A complaint in an action to set aside the sale of certain letters patent which alleges that defendants were the owners of such letters patent, that they conspired with a third party and thereby induced plaintiff to purchase and pay $1,200.00 for the letters patent upon the representation that other parties, whom said third party pretended to represent, were ready and willing to take the same from him at an agreed price, should he procure the same, and which also alleged that plaintiff stated to defendants that the letters patent, if purchased, would be of no value to him and that defendants knew that plaintiff was purchasing same for the sole purpose of conveying same to the persons represented by said third party, contains facts sufficient to constitute a cause of action against defendants.

From the Miami Circuit Court.   *Affirmed.*

*B. F. Clemans, N. L. Agnew, D. E. Kelly* and *Nott N. Antrim,* for appellants.

*Thomas R. Marshall, William F. McNagny* and *Philemon H. Clugston.* for appellee.

LOTZ, J.—The appellee was the plaintiff, and the appellants the defendants in the court below.   All the paragraphs of the complaint were withdrawn except

the fourth and fifth. Demurrers were overruled to these and the appellants answered the general denial. The issues joined were tried by a jury and resulted in a verdict and judgment for the plaintiff. An assignment of error calls in question the sufficiency of each paragraph of the complaint. Each of these paragraphs, in substance, alleges that Hay and Grossnickle were the owners of certain letters patent, and that they conspired with Stockman to cheat and defraud the plaintiff out of the sum of $1,200.00; that they induced the plaintiff to purchase and pay said sum for the letters patent upon the representation that other parties, whom Stockman pretended to represent, were ready and willing to take the same from him at an agreed price, should he procure the same.

There is an allegation that the plaintiff stated to Hay and Grossnickle that the letters patent, if purchased, would be of no value to him and that they knew that he was purchasing the same for the sole purpose of conveying the same to the persons represented by Stockman.

It is also averred that the letters patent were of no value, and there are many other averments of a technical character.

We are of the opinion that each paragraph is sufficient.

Another assignment of error is that the court erred in overruling appellants' motion for judgment on the pleadings. As the complaint was sufficient there was no error in this ruling.

The last assignment of error relates to the overruling of appellants' motion for a new trial.

It is insisted that the verdict is contrary to law and not supported by sufficient evidence.

An examination of the evidence shows that there was evidence supporting the verdict on all material

points and convinces us that the judgment rendered is just.

Judgment affirmed.

### ON PETITION FOR REHEARING.

COMSTOCK, C. J.—Appellants have filed a petition for rehearing in this case, in which they represent that the court in its decision rendered October 21, 1896, erred upon the following points:

1. In holding that the fourth and fifth paragraphs of the complaint contain facts sufficient to constitute a cause of action.

2. In holding that the verdict was sustained by sufficient evidence.

3. In holding that the verdict was supported by law.

In their original and very able brief, counsel for appellants fully discussed these points.

We have gone over the evidence and given these questions careful consideration and are of the opinion that the court, speaking by Judge Lotz, in the original opinion, reached a correct conclusion.

Petition overruled.